**FITAPELLI & SCHAFFER, LLP**
Brian S. Schaffer
Hunter G Benharris
28 Liberty Street, 30th Floor
New York, NY 10005
Telephone: (212) 300-0375

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **TAMELA GESWALDO**, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br>-against-<br><br>**CHRISTMAS TREE SHOPS, LLC,**<br><br>Defendant. | No. 5:23-CV-0168 (TJM/TWD)<br><br>**CLASS ACTION COMPLAINT** |

Tamela Geswaldo ("Plaintiff"), individually and on behalf of all others similarly situated, as class representatives, upon personal knowledge as to herself, and upon information and belief as to other matters, alleges as follows:

**NATURE OF THE ACTION**

1. This lawsuit seeks to recover underpayment caused by untimely wage payments and other damages for Plaintiff and similarly situated manual positions such as warehouse selectors, merchandisers, receiving team members, and overnight replenishers (collectively, "Manual Workers") who work or have worked for Christmas Tree Shops, LLC ("Christmas Tree Shop" or "Defendant") in New York State.

2. At all relevant times, Defendant has compensated Plaintiff and all other Manual Workers in New York on a bi-weekly basis.

3. Despite being manual workers, Defendant has failed to properly pay Plaintiff and

1

other Manual Workers in New York their wages within seven calendar days after the end of the week in which these wages were earned.

4. In this regard, Defendant has failed to provide timely wages to Plaintiff and all other similarly situated Manual Workers in New York.

5. Manual Workers as contemplated by NYLL § 191 are "dependent upon their wages for sustenance." *See People v. Vetri*, 309 N.Y. 401, 405 (1955)

6. As such, the failure to provide wages owed to Plaintiff and all other similarly situated Manual Workers, according to NYLL § 191 constitutes an "especially acute injury." *See Caul v. Petco Animal Supplies, Inc.*, No. 20 Civ. 3534 (RPK) (SJB), 2021 WL 4407856, at *4 (E.D.N.Y. Sep. 27, 2021) (citing *Vega v. CM & Assocs. Constr. Mgmt., LLC*, 175 A.D.3d 1144, 1146 (N.Y. 1st Dept. 2019).

7. Plaintiff brings this action on behalf of herself and all other similarly situated Manual Workers in New York pursuant to Federal Rule of Civil Procedure 23 ("Rule 23") to remedy violations of the New York Labor Law, Article 6, §§ 190 *et seq.* ("NYLL").

## THE PARTIES

**Plaintiff**

**Tamela Geswaldo**

8. Tamela Geswado ("Geswaldo") is an adult individual who is a resident of New York.

9. Geswaldo was employed by Christmas Tree Shop as a Manual Worker from in or around August 2017 through approximately January 2023 in Syracuse, New York.

10. Geswaldo is a covered employee within the meaning of the NYLL.

**Defendant**

**Christmas Tree Shops, LLC**

11. Christmas Tree Shops, LLC is a foreign business corporation organized and existing under the laws of Massachusetts.

12. Christmas Tree Shops, LLC's principal executive office is located at 64 Leona Drive, Middleborough, Massachusetts 02346.

13. Christmas Tree Shops, LLC operates approximately 13 stores in New York.

14. Christmas Tree Shops, LLC was and is a covered employer within the meaning of the NYLL, and at all times relevant, employed Plaintiff and similarly situated employees.

15. Christmas Tree Shops, LLC has maintained control, oversight, and direction over Plaintiff and similar employees, including timekeeping, payroll, and other employment practices that applied to them.

16. Christmas Tree Shops, LLC applies the same employment policies, practices, and procedures to all Manual Workers in its operation, including policies, practices, and procedures with respect to payment of wages.

## JURISDICTION AND VENUE

17. This Court has original jurisdiction pursuant to the Class Action Fairness Act of 2005 ("CAFA"), codified at 28 U.S.C. § 1332(d), because the amount in controversy against the Defendant in this matter exceeds the sum or value of $5,000,000, exclusive of interest and costs, and Plaintiff and the members of the proposed class are citizens of states different from that of Defendant.

18. There are over 100 members in the proposed class.

19. Defendant is subject to personal jurisdiction in New York.

20. Venue is proper in the Northern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this District, and Defendant conduct business in this District.

## NEW YORK CLASS ACTION ALLEGATIONS

21. Plaintiff brings the First Cause of Action, an NYLL claim, under Rule 23 of the Federal Rules of Civil Procedure, on behalf of themselves and a class of persons consisting of:

> All persons who work or have worked as Manual Workers for Christmas Tree Shops, LLC between June 24, 2016[1] and May 17, 2019 (the "New York Class").

22. The members of the New York Class are so numerous that joinder of all members is impracticable, and the disposition of their claims as a class will benefit the parties and the Court.

23. There are more than fifty members of the New York Class.

24. Plaintiff's claims are typical of those claims that could be alleged by any member of the New York Class, and the relief sought is typical of the relief which would be sought by each member of the New York Class in separate actions.

25. Plaintiff and the New York Class have all been injured in that they have been uncompensated, under-compensated, or untimely compensated due to Defendant's common policies, practices, and patterns of conduct. Defendant's corporate-wide policies and practices affected everyone in the New York Class similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each member of the New York Class.

26. Plaintiff is able to fairly and adequately protect the interests of the New York Class

---

[1] This class period is due to Governor Cuomo's Executive Order that tolled the applicable NYLL statute of limitations during the COVID-19 pandemic for 228 days. *See Brash v. Richards*, 195 A.D. 3d 582, 2021 WL 2213786, 2021 N.Y. Slip Op. 03436 (App. Div. 2d Dep't June 2, 2021) (holding executive order tolled rather than suspended statutes of limitations under New York law).

and has no interests antagonistic to the New York Class.

27. Plaintiff is represented by attorneys who are experienced and competent in both class action litigation and employment litigation and have previously represented many plaintiffs and classes in wage and hour cases.

28. A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a large number of similar persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender.

29. Common questions of law and fact exist as to the New York Class that predominate over any questions only affecting Plaintiff and/or each member of the New York Class individually and include, but are not limited to, the following: whether Defendant correctly compensated Plaintiff and the New York Class on a timely basis.

## PLAINTIFF'S FACTUAL ALLEGATIONS

30. Consistent with their policies and patterns or practices as described herein, Defendant harmed Plaintiff, individually, as follows:

**Tamela Geswaldo**

31. Geswaldo was employed for Christmas Tree Shop as a "warehouse picker" from approximately August 2017 until approximately January 2023.

32. During Geswaldo's employment, Geswaldo spent over 25% of her worktime performing physical tasks, including but not limited to moving, stocking shelves, lifting and moving merchandise, stacking boxes, lifting, pulling, and carrying up to forty pounds, frequently

bending, twisting, and kneeling, climbing ladders, and standing for the majority of her shift.

33. Despite regularly spending more than twenty-five percent of her shift performing these physical tasks, Geswaldo has been compensated by Defendant on a bi-weekly basis.

34. As a result of Defendant's untimely wage payments, Geswaldo was underpaid for the first seven days of each bi-weekly pay period, and thus Defendant paid Geswaldo on an untimely basis.

35. For example, for the period beginning on January 1, 2023 through January 14, 2023 Geswaldo was paid her lawfully earned wages on January 19, 2022. *See* **Exhibit A**, Geswaldo Paystub.

36. Typical to all of Geswaldo's workweeks, during the week of January 1, 2023 through January 7, 2023, Geswaldo spent over 25% of her time working performing the aforementioned manual tasks.

37. Defendant consistently failed to pay Geswaldo her wages on a timely basis as required by NYLL § 191(1)(a) and as a result, Geswaldo was underpaid for each pay period Defendant paid Geswaldo on an untimely basis.

38. Moreover, Geswaldo was denied the time-value of her money by Defendant's underpayments. Geswaldo was unable to invest, save, or purchase utilizing the wages she earned that were not paid by the time they were owed.

**FIRST CAUSE OF ACTION**
**New York Labor Law – Failure to Pay Timely Wages**
**(Brought on behalf of Plaintiff and the New York Class)**

39. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

40. The timely payment of wages provisions NYLL § 191 and its supporting

regulations apply to Defendant and protect Plaintiff and the New York Class.

41. Defendant failed to pay Plaintiff and the New York Class on a timely basis as required by NYLL § 191(1)(a), which resulted in Plaintiff and the New York Class being underpaid.

42. Due to Defendant's violations of the NYLL, Plaintiff and the New York Class are entitled to recover from Defendant the amount of the underpayments caused by their untimely wage payments as liquidated damages, reasonable attorneys' fees and costs, and pre-judgment and post-judgment interest as provided for by NYLL § 198.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff, individually, and on behalf of all other similar persons, respectfully request that this Court grant the following relief:

A. Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

B. Designation of Plaintiff as representative of the New York Rule 23 Class and counsel of record as Class Counsel;

C. Liquidated damages permitted by law pursuant to the NYLL.

D. Prejudgment and post-judgment interest;

E. Reasonable attorneys' fees and costs of the action; and

F. Such other relief as this Court shall deem just and proper.

Dated: New York, New York
January 7, 2023

Respectfully submitted,

 /s/ Brian S. Schaffer
Brian S. Schaffer

**FITAPELLI & SCHAFFER, LLP**
Brian S. Schaffer
Hunter G Benharris
28 Liberty Street, 30th Floor
New York, New York 10005
Telephone: (212) 300-0375

*Attorneys for Plaintiff and
the Putative Class*

8